UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEOFFREY ROBERT LAWSON, SR.,

                    Plaintiff,

   v.

CITY OF BREMERTON, et al.,

                    Defendants.

No. C13-5701 RBL-KLS

**REPORT AND RECOMMENDATION**
**Noted For: February 14, 2014**

Before the Court is Plaintiff's voluntary motion to dismiss. Dkt. 12. The undersigned recommends that the motion be granted.

## BACKGROUND

On August 19, 2013, the Court granted Plaintiff Geoffrey Robert Lawson, Sr.'s application to proceed in forma pauperis. Dkt. 4. The Court reviewed Plaintiff's complaint (Dkt. 5) but declined to serve it because it is deficient. The Court ordered Plaintiff to show cause why his case should not be dismissed and provided guidance as to the legal standards that may apply to Plaintiff's numerous claims. Dkt. 6. On September 5, 2013, Plaintiff filed a notice of change of address and requested a sixty day extension of his time to respond to the Court's Order. Dkts. 7, 8. The Court granted the extension and ordered Plaintiff to file his response on or before November 29, 2013. Dkt. 9.

On December 5, 2013, Plaintiff filed a response to the Court's Order. Dkt. 10. He stated that "should the Court determine that cause exists" he intended to file a first amended complaint. Plaintiff alleged that the core of his complaint is his Fourth Amendment claims relating to his

REPORT AND RECOMMENDATION - 1

unlawful seizure and continued detention. Plaintiff has filed a personal restraint petition with the Washington Supreme Court relating to his conviction. The appeal is pending. *Id.*, 6-8, Exhibit 1. Plaintiff asked that the Court "extend the holding" in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), in order to review his claims. Alternatively, he asked that the Court stay this action pending the outcome of his state court proceedings. *Id.*, p. 13.

The Court declined to stay the action pending the outcome of Plaintiff's state court proceeding. As was previously explained to Plaintiff, an action for relief relating to Plaintiff's August 11, 2011 arrest, bail, and continued confinement is not cognizable under 42 U.S.C. § 1983 because his conviction has not been reversed on appeal. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Similarly, Plaintiff's claim that on October 25, 2011 he was denied due process when he was infracted is not cognizable under § 1983. *Edwards v. Balisok*, 520 U.S. 641, 649 (1997) and *Heck v. Humphrey*, 512 U.S. 477, 487 (1997). These two cases state that a prisoner may not bring a 42 U.S.C. § 1983 claim for damages if a judgment in his favor would "necessarily imply the invalidity of the punishment imposed" at a prison disciplinary hearing. Plaintiff does not allege that he properly challenged the infraction and that he has been exonerated at any level for the reasons set forth in that infraction. Therefore, the Court declined to entertain claims relating to his arrest, detention, and infraction as they are not yet cognizable § 1983 claims.

As to Plaintiff's claims relating to excessive force, access to courts, and legal mail claims, the Court extended Plaintiff's deadline to submit an amended complaint. Dkt. 11. In response, Plaintiff filed a motion to dismiss. Dkt. 12. He states that the allegations in his complaint are not sufficiently ripe for review because he has not properly exhausted them and that they are presently before the Washington State Supreme Court for review. Dkt. 12-1.

REPORT AND RECOMMENDATION - 2

## DISCUSSION

Rule 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be dismissed by the plaintiff without order of court:

> (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

After service of an answer or a motion for summary judgment, dismissal by plaintiff must be sought under Rule 41(a)(2), which provides, in part, that:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.

No adverse party has been served with Plaintiff's complaint. The Court should grant Plaintiff's motion (Dkt. 12) and dismiss this action without prejudice.

## WRITTEN OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 14, 2014**, as noted in the caption.

**DATED** this 23rd day of January, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3